STATE OF CONNECTICUT *v.* THOMAS E. KING

REVIEW DIVISION OF THE SUPERIOR COURT

Decided April 4, 1967

*Henry C. Campbell,* public defender, for the defendant.

*Victor M. Muschell,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, age nineteen, pleaded guilty to an information in one count charging a violation of § 53-76 of the General Statutes. The prescribed penalty under § 53-76, which concerns the crime of breaking and entering with criminal intent, is imprisonment for not more than four years. The court imposed an indeterminate sentence to the Connecticut reformatory.

On December 9, 1965, the defendant kicked out the window of a door to a package store in Watertown. He was apprehended by the police as he was leaving the area of this store and admitted taking some money from the cash register. The package store owner claims that certain liquors and moneys over and above the moneys found on the accused at the time of his apprehension were missing. It appears that the accused did not act alone in this break, but no one else has been apprehended as an accomplice.

This defendant has a record both as a juvenile and as an adult. On December 11, 1963, he was found guilty of using a motor vehicle without the owner's permission and was given a thirty-day suspended sentence and placed on probation for two years. On August 3, 1965, he was found guilty of

carrying a dangerous weapon. He was sentenced to six months in jail with execution suspended and placed on probation for one year. At that time his probation of December 11, 1963, was revoked and he was sentenced to thirty days in jail concurrent with the sentence imposed at that time. He was released from jail on September 9, 1965, and was evidently, at the time of the Watertown package store break, still on that one-year probation from the August, 1965, disposition. Probation does not appear to have helped him, and his behavior indicates that he has not been able to stay out of trouble. His employment record is sketchy and his choice of companions undesirable.

The sentencing court commented on the lenient dispositions as to crimes in his prior record, and this Division concurs. That court, in observing that this defendant was not to remain at liberty in view of the charges, noted there was hope for his rehabilitation and then imposed the sentence here the subject of review. The most permissive and judicious view of this defendant at the time of sentencing dictated the sentence imposed.

Under all the circumstances, the sentence imposed is just and proper and should stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.